```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

MAREL MAYFIELD,

        Plaintiff,

v.                                Case No. 8:14-cv-504-T-33TGW

CORIZON HEALTH, INC.,

        Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Approve Settlement Agreement and to Dismiss the Case With Prejudice (Doc. # 14), filed on July 1, 2014. The Court grants the Motion.

**I.   Background**

On February 28, 2014, Plaintiff Marel Mayfield, a former employee of Defendant Corizon Health, Inc., filed a Fair Labor Standards Act Complaint seeking overtime pay. (Doc. # 1). The Court issued its FLSA Scheduling Order (Doc. # 5) on April 18, 2014. Defendant filed its answer and affirmative defenses (Doc. # 6) on April 30, 2014. On June 5, 2014, Defendant notified the Court that the parties reached a settlement. (Doc. # 12). The parties request Court approval of the settlement reached and seek the dismissal of the action with prejudice. (Doc. # 14).

**II.  Analysis**

Plaintiff alleges that the Defendant violated the terms

of the Fair Labor Standards Act.  Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  The parties have reached a settlement wherein it is agreed that Plaintiff will receive $2,500.00 in unpaid wages as well as $2,500.00 in liquidated damages and Plaintiff's counsel will receive $2,819.00 in attorneys' fees and costs.

In the Motion, the parties represent that the attorneys' fees to be paid to Plaintiff's counsel were negotiated by the parties separately from the amount to be paid to Plaintiff for FLSA overtime violations. (Doc. # 14 at 4). Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1]  The settlement is fair on its

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

face and represents a reasonable compromise of the parties' dispute.  The Court dismisses the case with prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Joint Motion to Approve Settlement Agreement and to Dismiss the Case With Prejudice (Doc. # 14) is **GRANTED**.

(2) The parties' settlement is approved.  This case is dismissed with prejudice.

(3) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of July, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record